IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EQUIFY FINANCIAL, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| V. | § | Civil Case No. _____ |
| | § | |
| GOLDCOAST FINANCIAL, LLC, DMG | § | |
| CONSULTING & DEVELOPMENT, INC., | § | |
| AND DRAGOS SPRINCEANA | § | |
| | § | |
| *Defendants*. | § | |

---

**AFFIDAVIT TO VERIFY COMPLAINT FOR REPLEVIN**

---

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF TARRANT | § |

I, Michael Davied, after being duly sworn upon oath, deposes and states as follows:

1.      I am over the age of eighteen and duly qualified to make this affidavit.

2.      I have personal knowledge of the facts stated herein based on the performance of my duties as Vice President of Equify Financial, LLC (hereinafter referred to as "Plaintiff" or "Equify"), and I am authorized to make this affidavit on behalf of Equify.

3.      I have access to and have reviewed the records pertaining to the account of Defendants Goldcoast Financial, LLC, DMG Consulting & Development, Inc., and Dragos Sprinceana (collectively, the "Defendants") and I have personal knowledge of the contents therein.

4.      In preparation of this affidavit, I have reviewed Equify's records and files as they relate to the transactions which are the subject matter of the Verified Complaint (the "Complaint") filed against the Defendants in the above-styled lawsuit.

5.    I have reviewed Equify's Complaint. I certify that the allegations in the Complaint are true and correct. I certify that Exhibits A – F annexed to the Complaint are true and correct copies or images of such documents

6.    I have reviewed all of the payment records relating to the transactions which are the subject matter of this Complaint. All payments received by Defendant were applied as required.

7.    Equify uses computerized payment records which are recorded on equipment that is standard equipment in the industry for recording data such as payments records; the computerized entries were made in the regular course of business of Equify, at or reasonably near in time to the events recorded, and the sources of information, the method of data entry and preparation are all trustworthy.

8.    The information recorded and documents collected in Equify's records and files are recorded and collected as part of the regular practice of Equify's business, are made in the regular course of its regular business activities, and are compiled by its employees at or near the time of transmission of that information by an employee who has personal knowledge of the transmitted fact.

9.    On or about August 5, 2022, Goldcoast and Equify executed a Promissory Note (the "Initial Note") whereby Equify financed Goldcoast's purchase of the following described equipment (the "Equipment"):

| Equipment Description | VIN/Serial Number |
|---|---|
| (1) CIMCR Cool Globe R8000 53' Reefer Railer with a 2022 Thermo King Precedent S-600 Refrigeration Unit S/N 6001357186 | 527SR5329PL030012 |
| (1) CIMCR Cool Globe R8001 53' Reefer Railer with a 2022 Thermo King Precedent S-600 Refrigeration Unit S/N 6001357187 | 527SR5320PL030013 |
| (1) CIMCR Cool Globe R8002 53' Reefer Railer with a 2022 Thermo King Precedent S-600 Refrigeration Unit S/N 6001357188 | 527SR5322PL030014 |

| | |
|---|---|
| (1) CIMCR Cool Globe R8003 53' Reefer Railer with a 2022 Thermo King Precedent S-600 Refrigeration Unit S/N 6001357189 | 527SR5324PL030015 |
| (1) CIMCR Cool Globe R8004 53' Reefer Railer with a 2022 Thermo King Precedent S-600 Refrigeration Unit S/N 6001357190 | 527SR5326PL030016 |
| (1) CIMCR Cool Globe R8005 53' Reefer Railer with a 2022 Thermo King Precedent S-600 Refrigeration Unit S/N 6001357192 | 527SR5328PL030017 |
| (1) CIMCR Cool Globe R8006 53' Reefer Railer with a 2022 Thermo King Precedent S-600 Refrigeration Unit S/N 6001357191 | 527SR532XPL030018 |
| (1) CIMCR Cool Globe R8007 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001363108 | 527SR5321PL030019 |
| (1) CIMCR Cool Globe R8008 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001363084 | 527SR5328PL030020 |
| (1) CIMCR Cool Globe R8009 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001363095 | 527SR532XPL030021 |
| (1) CIMCR Cool Globe R8010 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001363097 | 527SR5321PL030022 |
| (1) CIMCR Cool Globe R8011 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001363098 | 527SR5323PL030023 |
| (1) CIMCR Cool Globe R8012 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001363100 | 527SR5325PL030024 |
| (1) CIMCR Cool Globe R8013 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001363099 | 527SR5327PL030025 |
| (1) CIMCR Cool Globe R8014 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001363102 | 527SR5329PL030026 |
| (1) CIMCR Cool Globe R8015 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001363103 | 527SR5320PL030027 |
| (1) CIMCR Cool Globe R8016 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001363104 | 527SR5322PL030028 |
| (1) CIMCR Cool Globe R8017 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001373795 | 527SR5324PL030029 |

| | |
|---|---|
| (1) CIMCR Cool Globe R8018 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001363107 | 527SR5320PL030030 |
| (1) CIMCR Cool Globe R8019 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001365819 | 527SR5322PL030031 |
| (1) CIMCR Cool Globe R8020 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001356004 | 527SR5324PL030032 |
| (1) CIMCR Cool Globe R8021 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001357748 | 527SR5326PL030033 |
| (1) CIMCR Cool Globe R8022 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001360878 | 527SR5328PL030034 |
| (1) CIMCR Cool Globe R8023 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001360879 | 527SR532XPL030035 |
| (1) CIMCR Cool Globe R8024 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001357750 | 527SR5321PL030036 |

10.     Pursuant to the terms of the Initial Note, Goldcoast agreed to pay Equify the principal amount of $2,874,480.00 plus interest, which was to be paid in forty-eight (48) consecutive monthly installments (each in the amount of $59,885.00) commencing on September 1, 2022, with like installments being due and payable on each succeeding month thereafter until the Initial Note is paid in full. A true and correct copy of the Initial Note is attached as Exhibit A to the Complaint.

11.     Additionally, on or about August 5, 2022, Goldcoast executed the Security Agreement, whereby Goldcoast granted Equify a security interest in Goldcoast's Collateral (as defined in the Security Agreement), including but not limited to the Equipment, for all of Goldcoast's Obligations (as defined in the Security Agreement). A true and correct copy of the Security Agreement along with any ancillary documents is attached as Exhibit B to the Complaint.

12.     On or about March 25, 2024, Goldcoast and Equify executed a modification to the

AFFIDAVIT TO VERIFY COMPLAINT FOR REPLEVIN                                          Page 4 of 10

Initial Note in the form of an Amended and Restated Promissory Note Promissory Note (the "Amended Note"). Pursuant to the terms of the Amended Note, Goldcoast Financial, LLC agreed to pay Equify the principal amount of $2,331,692.83 plus interest, which was to be paid in forty-three (43) consecutive monthly installments. The first installment in the amount of $23,424.49 was due on May 1, 2024, followed by one installment in the amount of $19,625.92 due on June 1, 2024, followed by one installment in the amount of $18,992.83 due on July 1, 2024, followed by one installment in the amount of $19,625.92 due on August 1, 2024, followed by one installment in the amount of $19,625.92 due on September 1, 2024, followed by one installment in the amount of $18,992.83 due on October 1, 2024, followed by thirty-six (36) consecutive monthly installments in the amount of $59,885.00 each, commencing on November 1, 2024 and continuing on the same day of each month thereafter until the October 1, 2027 installment, then followed by a final installment in the amount of $55,544.92 due on November 1, 2027. A true and correct copy of the Amended Note is attached as Exhibit C to the Complaint.

13. In support of the Initial Note, the Amended Note, and the Security Agreement (collectively referred to herein, the "the Agreement"), Defendants DMG and Dragos each executed a Continuing Guaranty (collectively, the "Guaranties"), whereby DMG and Dragos each unconditionally guaranteed to Equify the prompt payment and performance of all of Goldcoast's present and future liabilities, obligations, and indebtedness to Equify, including but not limited to, all sums due under the Agreement. A true and correct copy of the Guaranties are collectively attached as Exhibit D to the Complaint.

14. Pursuant to the Agreement, Equify was granted a first-priority security interest in the Equipment. Equify perfected its security interest in the Equipment by noting its lien on the face of the certificates of title for the Equipment. True and correct copies of the Equipment's certificates

of title are attached as Exhibit E to the Complaint. Additionally, Equify perfected its security interest in the Equipment by duly filing a UCC-1 financing statement covering the Equipment with the Illinois Secretary of State's office on August 11, 2022, which was assigned filing number 28773315. A true and correct copy of the UCC-1 financing statement filed by Equify is attached as Exhibit F to the Complaint.

15.     Defendants failed to timely pay all monthly installments as they became due and thereby defaulted on their obligations under the Agreement and the Guaranties. Consequently, Equify has accelerated maturity of the Agreement. After the allowance of all just and lawful offsets, payments and credits to Defendants' account as to the Agreement, as of March 31, 2025, a balance thereon of $2,249,549.72 plus interest at the contract rate of $749.59 per diem, remains due, unpaid, and owing. A true and correct copy of the Payoff Quote for the Agreement is attached as Exhibit G to the Complaint. All conditions precedent to Equify's recovery of judgment under the Agreement and the Guaranties have been performed, waived, or otherwise satisfied.

16.     Pursuant to Defendants' default under the Agreement, Equify is entitled to immediate possession of the Equipment (collectively, the "Equipment") by legal process or self-help under the Agreement. Equify has made numerous demands to Defendants to perform under the Agreement or to return the Equipment, but the Defendants have failed to voluntarily return the Equipment, allow Equify access to its premises to recover the Equipment, or provide Equify with the location of each item of the Equipment as of the filing of this Original Petition. Specifically, Equify seeks to recover the following Equipment (the "Replevin Equipment"):

| Equipment Description | VIN/Serial Number | Estimated OLV |
|---|---|---|
| (1) CIMCR Cool Globe R8004 53' Reefer Railer with a 2022 Thermo King Precedent S-600 Refrigeration Unit S/N 6001357190 | 527SR5326PL030016 | $45,000.00 |

| | | |
|---|---|---|
| (1) CIMCR Cool Globe R8006 53' Reefer Railer with a 2022 Thermo King Precedent S-600 Refrigeration Unit S/N 6001357191 | 527SR532XPL030018 | $45,000.00 |
| (1) CIMCR Cool Globe R8008 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001363084 | 527SR5328PL030020 | $45,000.00 |
| (1) CIMCR Cool Globe R8009 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001363095 | 527SR532XPL030021 | $45,000.00 |
| (1) CIMCR Cool Globe R8010 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001363097 | 527SR5321PL030022 | $45,000.00 |
| (1) CIMCR Cool Globe R8011 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001363098 | 527SR5323PL030023 | $45,000.00 |
| (1) CIMCR Cool Globe R8013 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001363099 | 527SR5327PL030025 | $45,000.00 |
| (1) CIMCR Cool Globe R8014 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001363102 | 527SR5329PL030026 | $45,000.00 |
| (1) CIMCR Cool Globe R8015 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001363103 | 527SR5320PL030027 | $45,000.00 |
| (1) CIMCR Cool Globe R8016 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001363104 | 527SR5322PL030028 | $45,000.00 |
| (1) CIMCR Cool Globe R8018 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001363107 | 527SR5320PL030030 | $45,000.00 |
| (1) CIMCR Cool Globe R8019 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001365819 | 527SR5322PL030031 | $45,000.00 |
| (1) CIMCR Cool Globe R8023 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001360879 | 527SR532XPL030035 | $45,000.00 |
| (1) CIMCR Cool Globe R8024 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001357750 | 527SR5321PL030036 | $45,000.00 |
| | **TOTAL:** | **$630,000.00** |

17.     Equify has drawn a reasonable conclusion that there is immediate danger that the

Defendants, or any third party in possession of the Replevin Equipment will conceal, dispose of,

ill-treat, waste, or destroy the Replevin Equipment, or remove the Replevin Equipment from this federal district during the pendency of this lawsuit as the Replevin Equipment can be easily moved or broken down into smaller components and be parted out. Therefore, as set forth in the Complaint, Equify believes that a Writ of Replevin is necessary in order to secure the Replevin Equipment during the pendency of this suit because the Replevin Equipment is removable from this federal district during the pendency of this lawsuit and because of the significant risk of damage and waste to the Replevin Equipment that can occur.

18. Despite Defendants' default, the Replevin Equipment is believed to remain in their possession at 1425 Madeline Ln., Suite 100, Elgin, Illinois 60124, or wherever the Replevin Equipment may be found. Assuming the Replevin Equipment is in good condition, and subject to actual hourly usage, equipment condition, and operating conditions, the estimated combined orderly liquidation value of all the Replevin Equipment is approximately $630,000.00. Defendants have continued to exercise control and dominion over the Replevin Equipment in violation of Plaintiff's superior right to immediate possession of the Replevin Equipment.

19. All conditions precedent have been performed by Equify or have occurred and all notices required have been given or have been waived prior to the filing of this lawsuit. Accordingly, Equify believes that a Writ of Replevin is necessary to secure the Replevin Equipment during the pendency of this suit.

20. To date, despite demand, Defendant Goldcoast has failed to timely pay amounts due under the Agreement and have therefore failed to satisfy their obligations set forth in the Agreement.

21. All the while, the Defendant Goldcoast has, upon information and belief, continued to operate its business, seemingly ignoring its ongoing obligations to Plaintiff.

22.     Further, despite its default and contrary to Plaintiff's perfected security interest, Defendant Goldcoast remains in possession and/or control of the Replevin Equipment.

23.     Upon information and belief, neither Defendant has valid defenses for failing to fulfill their obligations set forth in the Agreement and Guaranties.

24.     The Replevin Equipment is believed to remain in their possession at 1425 Madeline Ln., Suite 100, Elgin, Illinois 60124, or wherever the Replevin Equipment may be found. Assuming the Replevin Equipment is in good condition, and subject to actual hourly usage, equipment condition, and operating conditions, the estimated combined orderly liquidation value of all the Replevin Equipment is approximately $630,000.00. Defendants have continued to exercise control and dominion over the Replevin Equipment in violation of Plaintiff's superior right to possession of the Replevin Equipment.

25.     In further support of Plaintiff's application for Writ of Replevin, I attest to the following:

   a.   Defendant(s) are in possession or control of the Replevin Equipment.

   b.   Defendant(s) are wrongfully detaining the Replevin Equipment.

   c.   Equify has made demand upon Defendants for the return of the Replevin Equipment and Defendants have failed or refused to return or surrender it.

   d.   The Replevin Equipment has not been taken for any tax, assessment, or fine levied by virtue of any law of the state of Illinois, or any other state, against the property of Plaintiff or against Plaintiff individually, nor seized under any lawful process against the goods and chattels of Plaintiff subject to such lawful process, nor held by virtue of any order for replevin against Plaintiff.

   e.   The Replevin Equipment is not earnings and is not otherwise exempt from

execution.

f.  The Replevin Equipment is materially declining in value.

g.  The estimated fair market value of the Replevin Equipment, depending on condition, is $630,000.00 as further described hereinabove.

26.  The continued possession of the Replevin Equipment by Defendants will cause further depreciation to such Replevin Equipment to Equify's detriment. Further, the Replevin Equipment is mobile and easily removable from the state during the pendency of this lawsuit.

27.  All conditions precedent to this action were satisfied, waived or occurred and all notices required have been given or have been waived.

Further affiant sayeth not.

Executed this the ___24___ day of ___June___, 2025.

**EQUIFY FINANCIAL, LLC**

By:  Michael Davied
Its:  Vice President

SUBSCRIBED AND SWORN TO before me by the said Michael Davied, Vice President and Custodian of Records, on this the 24th day of ___June___, 2025, to certify which witness my hand and seal of office.



BARBARA VEST
My Notary ID # 7575518
Expires March 10, 2029

Notary Public, State of Texas

AFFIDAVIT TO VERIFY COMPLAINT FOR REPLEVIN