IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EQUIFY FINANCIAL, LLC, § § *Plaintiff*, § § V. § § GOLDCOAST FINANCIAL, LLC, DMG § CONSULTING & DEVELOPMENT, INC., § AND DRAGOS SPRINCEANA § § *Defendants*. § | Civil Case No. 1:25-cv-07533 |

**MOTION FOR PREJUDGMENT REPLEVIN BASED ON VERIFIED COMPLAINT FOR PREJUDGMENT REPLEVIN PURSUANT TO 735 ILCS 5/19-101, *ET. SEQ.*, ILLINOIS SUPREME COURT RULE 107, AND FRCP 64**

Plaintiff Equify Financial, Inc., ("Equify" or "Plaintiff"), by and through its attorneys, Dressler | Peters, LLC, moves the Court for a writ of replevin against Defendants Goldcoast Financial, LLC ("Goldcoast"), DMG Consulting & Development, Inc. ("DMG") and Dragos Sprinceana ("Dragos") (together, "Defendants"), as requested in Count 3 of the Plaintiff's Verified Complaint for Prejudgment Replevin, Final Turnover Order, and Money Damages ("Complaint"). In support of its Motion, Equify relies upon its Complaint filed on July 3, 2025 (attached hereto as **Exhibit 1**), and states as follows:

## BACKGROUND

1. On or about August 5, 2022, Goldcoast and Equify executed a Promissory Note (the "Initial Note") whereby Equify financed Goldcoast's purchase of the following described equipment (the "Equipment"):

| Equipment Description | VIN/Serial Number |
|---|---|
| (1) CIMCR Cool Globe R8000 53' Reefer Railer with a 2022 Thermo King Precedent S-600 Refrigeration Unit S/N 6001357186 | 527SR5329PL030012 |

1

| | |
|---|---|
| (1) CIMCR Cool Globe R8001 53' Reefer Railer with a 2022 Thermo King Precedent S-600 Refrigeration Unit S/N 6001357187 | 527SR5320PL030013 |
| (1) CIMCR Cool Globe R8002 53' Reefer Railer with a 2022 Thermo King Precedent S-600 Refrigeration Unit S/N 6001357188 | 527SR5322PL030014 |
| (1) CIMCR Cool Globe R8003 53' Reefer Railer with a 2022 Thermo King Precedent S-600 Refrigeration Unit S/N 6001357189 | 527SR5324PL030015 |
| (1) CIMCR Cool Globe R8004 53' Reefer Railer with a 2022 Thermo King Precedent S-600 Refrigeration Unit S/N 6001357190 | 527SR5326PL030016 |
| (1) CIMCR Cool Globe R8005 53' Reefer Railer with a 2022 Thermo King Precedent S-600 Refrigeration Unit S/N 6001357192 | 527SR5328PL030017 |
| (1) CIMCR Cool Globe R8006 53' Reefer Railer with a 2022 Thermo King Precedent S-600 Refrigeration Unit S/N 6001357191 | 527SR532XPL030018 |
| (1) CIMCR Cool Globe R8007 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001363108 | 527SR5321PL030019 |
| (1) CIMCR Cool Globe R8008 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001363084 | 527SR5328PL030020 |
| (1) CIMCR Cool Globe R8009 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001363095 | 527SR532XPL030021 |
| (1) CIMCR Cool Globe R8010 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001363097 | 527SR5321PL030022 |
| (1) CIMCR Cool Globe R8011 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001363098 | 527SR5323PL030023 |
| (1) CIMCR Cool Globe R8012 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001363100 | 527SR5325PL030024 |
| (1) CIMCR Cool Globe R8013 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001363099 | 527SR5327PL030025 |
| (1) CIMCR Cool Globe R8014 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001363102 | 527SR5329PL030026 |
| (1) CIMCR Cool Globe R8015 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001363103 | 527SR5320PL030027 |

| | |
|---|---|
| (1) CIMCR Cool Globe R8016 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001363104 | 527SR5322PL030028 |
| (1) CIMCR Cool Globe R8017 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001373795 | 527SR5324PL030029 |
| (1) CIMCR Cool Globe R8018 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001363107 | 527SR5320PL030030 |
| (1) CIMCR Cool Globe R8019 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001365819 | 527SR5322PL030031 |
| (1) CIMCR Cool Globe R8020 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001356004 | 527SR5324PL030032 |
| (1) CIMCR Cool Globe R8021 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001357748 | 527SR5326PL030033 |
| (1) CIMCR Cool Globe R8022 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001360878 | 527SR5328PL030034 |
| (1) CIMCR Cool Globe R8023 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001360879 | 527SR532XPL030035 |
| (1) CIMCR Cool Globe R8024 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001357750 | 527SR5321PL030036 |

2. Pursuant to the terms of the Initial Note, Goldcoast agreed to pay Equify the principal amount of $2,874,480.00 plus interest, which was to be paid in forty-eight (48) consecutive monthly installments (each in the amount of $59,885.00) commencing on September 1, 2022, with like installments being due and payable on each succeeding month thereafter until the Initial Note is paid in full. A true and correct copy of the Initial Note, including all schedules and addenda thereto, is attached to the Complaint as Exhibit A.

3. Additionally, on or about August 5, 2022, Goldcoast executed the Security Agreement, whereby Goldcoast granted Equify a security interest in Goldcoast's Collateral (as defined in the Security Agreement), including but not limited to the Equipment, for all of

3

Goldcoast's Obligations (as defined in the Security Agreement). A true and correct copy of the Security Agreement along with all schedules and addenda thereto is attached to the Complaint as Exhibit B.

4. On or about March 25, 2024, Goldcoast and Equify executed a modification to the Initial Note in the form of an Amended and Restated Promissory Note (the "Amended Note"). Pursuant to the terms of the Amended Note, Goldcoast Financial, LLC agreed to pay Equify the principal amount of $2,331,692.83 plus interest, which was to be paid in forty-three (43) consecutive monthly installments. The first installment in the amount of $23,424.49 was due on May 1, 2024, followed by one installment in the amount of $19,625.92 due on June 1, 2024, followed by one installment in the amount of $18,992.83 due on July 1, 2024, followed by one installment in the amount of $19,625.92 due on August 1, 2024, followed by one installment in the amount of $19,625.92 due on September 1, 2024, followed by one installment in the amount of $18,992.83 due on October 1, 2024, followed by thirty-six (36) consecutive monthly installments in the amount of $59,885.00 each, commencing on November 1, 2024 and continuing on the same day of each month thereafter until the October 1, 2027 installment, then followed by a final installment in the amount of $55,544.92 due on November 1, 2027. A true and correct copy of Amended Note, including all schedules and addenda thereto, is attached to the Complaint as Exhibit C.

5. In support of the Initial Note, the Amended Note, and the Security Agreement (collectively referred to herein, the "the Agreement"), Defendants DMG and Dragos each executed a Continuing Guaranty (collectively, the "Guaranties"), whereby DMG and Dragos each unconditionally guaranteed to Equify the prompt payment and performance of all of Goldcoast's present and future liabilities, obligations, and indebtedness to Equify, including but not limited to, all

4

sums due under the Agreement. A true and correct copy of the Guaranties are attached to the Complaint as Exhibit D.

6. Defendants failed to timely pay all monthly installments as they became due and thereby defaulted on their obligations under the Agreement and the Guaranties. Consequently, Equify has accelerated maturity of the Agreement. After the allowance of all just and lawful offsets, payments and credits to Defendants' account as to the Agreement, as of March 31, 2025, a balance thereon of $2,249,549.72 plus interest at the contract rate of $749.59 per diem, remains due, unpaid, and owing. A true and correct copy of the Payoff Quote for the Agreement is attached to the Complaint as Exhibit G.

7. Pursuant to Defendants' default under the Agreement, Equify is entitled to immediate possession of the Equipment (collectively, the "Equipment") by legal process or self-help under the Agreement. Equify has made numerous demands to Defendants to perform under the Agreement or to return the Equipment, but the Defendants have failed to voluntarily return the Equipment, allow Equify access to its premises to recover the Equipment, or provide Equify with the location of each item of the Equipment as of the filing of this Original Petition. Specifically, Equify seeks to recover the following Equipment (the "Replevin Equipment"):

| Equipment Description | VIN/Serial Number | Estimated OLV |
|---|---|---|
| (1) CIMCR Cool Globe R8004 53' Reefer Railer with a 2022 Thermo King Precedent S-600 Refrigeration Unit S/N 6001357190 | 527SR5326PL030016 | $45,000.00 |
| (1) CIMCR Cool Globe R8006 53' Reefer Railer with a 2022 Thermo King Precedent S-600 Refrigeration Unit S/N 6001357191 | 527SR532XPL030018 | $45,000.00 |
| (1) CIMCR Cool Globe R8008 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001363084 | 527SR5328PL030020 | $45,000.00 |
| (1) CIMCR Cool Globe R8009 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001363095 | 527SR532XPL030021 | $45,000.00 |

| | | |
|---|---|---|
| (1) CIMCR Cool Globe R8010 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001363097 | 527SR5321PL030022 | $45,000.00 |
| (1) CIMCR Cool Globe R8011 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001363098 | 527SR5323PL030023 | $45,000.00 |
| (1) CIMCR Cool Globe R8013 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001363099 | 527SR5327PL030025 | $45,000.00 |
| (1) CIMCR Cool Globe R8014 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001363102 | 527SR5329PL030026 | $45,000.00 |
| (1) CIMCR Cool Globe R8015 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001363103 | 527SR5320PL030027 | $45,000.00 |
| (1) CIMCR Cool Globe R8016 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001363104 | 527SR5322PL030028 | $45,000.00 |
| (1) CIMCR Cool Globe R8018 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001363107 | 527SR5320PL030030 | $45,000.00 |
| (1) CIMCR Cool Globe R8019 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001365819 | 527SR5322PL030031 | $45,000.00 |
| (1) CIMCR Cool Globe R8023 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001360879 | 527SR532XPL030035 | $45,000.00 |
| (1) CIMCR Cool Globe R8024 53' Reefer Railer with a Thermo King Precedent S-600 Refrigeration Unit S/N 6001357750 | 527SR5321PL030036 | $45,000.00 |
| | **TOTAL:** | **$630,000.00** |

8.  Equify performed its obligations by providing the financing for the Equipment under the Agreement as requested.

9.  Despite Equify's performance, Goldcoast defaulted by failing to pay all amounts due under the Agreement. Goldcoast defaulted under the terms of the Agreement by failing and refusing to timely pay all monthly installments due in accordance with their respective terms. Despite Equify's repeated demands, Goldcoast has failed and refused to pay the past-due monthly installments or any part thereof. Consequently, and pursuant to the respective terms of the

6

Agreement, Equify has accelerated the maturity of the Agreement and has declared the entire unpaid balance of the Agreement due and owing.

10. As the result of Goldcoast's default under the Agreement, Defendant Goldcoast has damaged Equify in the amount of $2,249,549.72, plus interest at the contract rate of $749.59 per diem from March 31, 2025 through entry of judgment, for which it now seeks judgment against Defendant Goldcoast.

11. All conditions precedent to Equify's right to prejudgment replevin have been satisfied. Likewise, the Complaint is verified as required at 735 ILCS 5/19-104; and all requested elements are indisputably set forth.

## THE RELIEF SOUGHT

1. Equify is the first priority lienholder of the Replevin Equipment, as set forth above. Equify, as the secured party, is entitled to possession of the Replevin Equipment according to the unambiguous terms of the Agreement. *See* Exhibits A, B, and C attached to the Complaint. Paragraph 8(d) of the Security Agreement states, in part: "Secured Party may repossess/take possession of any or all of the Collateral…". *See* Exhibit B attached to the Complaint. Paragraph 8(e) of the Security Agreement states, in part: "Secured Party may sell the Collateral by public or private sale, hold, retain the Collateral in full or partial satisfaction of the indebtedness due to Secured Party…". *See* Exhibit B attached to the Complaint.

2. In addition, independently of the right to possession of the Replevin Equipment as provided in the Agreement, under the Uniform Commercial Code, adopted in Illinois at 810 ILCS 5/9-609, Equify also has a right of possession. Section 9-609(a)(1) and (c) of the Uniform Commercial Code, provides, in pertinent part, that after default, a secured party may take possession of the collateral and, if so agreed by the parties, a secured party may require the debtor

7

to assemble the collateral and make it available to the secured party at a place to be designated by the secured party which is reasonably convenient to both parties. See 810 ILCS 5/9-609. In addition, Article 9 of the Uniform Commercial Code provides that Plaintiff may dispose of the Replevin Equipment. See 810 ILCS 5/9-610(a).

3. Plaintiff is entitled to the remedies provided under Uniform Commercial Code as to the Replevin Equipment as well as remedies provided by the Agreement of the parties. See 810 ILCS 5/9-601.

4. Defendant(s) are in possession or control of the Replevin Equipment.

5. Defendant(s) are wrongfully detaining the Replevin Equipment.

6. Plaintiff has made demand upon Defendants for the return of the Replevin Equipment and Defendants have failed or refused to return or surrender it.

7. The Replevin Equipment has not been taken for any tax, assessment, or fine levied by virtue of any law of the state of Illinois, or any other state, against the property of Plaintiff or against Plaintiff individually, nor seized under any lawful process against the goods and chattels of Plaintiff subject to such lawful process, nor held by virtue of any order for replevin against Plaintiff.

8. The Replevin Equipment is not earnings and is not otherwise exempt from execution.

9. The Replevin Equipment is materially declining in value.

10. The remedies for repossession of the Replevin Equipment and for money damages may be exercised simultaneously. See 810 ILCS 5/9-601(c) and Official Comment 5 to 5/9-601.

11. The estimated fair market value of the Replevin Equipment, depending on condition, is **$630,000.00** as further described hereinabove.

12. **Pursuant to 735 ILCS 5/19-107, if the plaintiff establishes a prima facie case to a superior right to possession of the disputed property, and if the plaintiff also demonstrates to the court the probability that the plaintiff will ultimately prevail on the underlying claim to possession, the court shall so find as a matter of record and an order for replevin shall be entered by the court.**

WHEREFORE, Plaintiff, Equify Financial, LLC, respectfully requests that this Court enter an Order for Replevin as follows:

    a. Finding that the Verified Complaint for Prejudgment Replevin has established a prima facie case to a superior right to possession of the Replevin Equipment, and the Plaintiff has demonstrated to the court the probability that the Plaintiff will ultimately prevail on the underlying claim to possession as provided under Article XIX of the Illinois Code of Civil Procedure (735 ILCS 5/19-101 through 5/19-129) made applicable to this proceeding pursuant to FRCP 64;

    b. That an Order for Replevin be issued in favor of Equify Financial, LLC for the possession of the Replevin Equipment together with all replacements, parts, repairs, additions, accessions and accessories incorporated into the Replevin Equipment or affixed to the Replevin Equipment; and authorizing the United States Marshall [value of property is $630,000.00] – after Plaintiff gives the United States Marshall a bond of sufficient security in double the value of the property described in the amount of $1,260,000.00 – to enter upon the property where the Replevin Equipment is located to remove the Replevin Equipment; and that the United States Marshall may

9

use all reasonably necessary force to enter upon the premises where the Replevin Equipment is located to remove the Replevin Equipment; and the United States Marshall shall deliver the Replevin Equipment to Equify Financial, LLC or a representative of Equify Financial, LLC for safekeeping;

c. That Goldcoast shall reasonably cooperate with Plaintiff and the US Marshall in recovering the Replevin Equipment, together with all their replacements, parts, repairs, additions, accessions and accessories incorporated into the Replevin Equipment or affixed to the Replevin Equipment;

d. That DMG Consulting & Development, Inc. shall reasonably cooperate with Plaintiff and the US Marshall in recovering the Replevin Equipment, together with all their replacements, parts, repairs, additions, accessions and accessories incorporated into the Replevin Equipment or affixed to the Replevin Equipment;

e. That Dragos Sprinceana shall reasonably cooperate with Plaintiff and the US Marshall in recovering the Replevin Equipment, together with all their replacements, parts, repairs, additions, accessions and accessories incorporated into the Replevin Equipment or affixed to the Replevin Equipment;

f. That if Goldcoast Financial, LLC does not execute a bond and security in the amount of $1,260,000.00, then Plaintiff may sell the Replevin Equipment, together with all their replacements, parts, repairs, additions,

accessions and accessories incorporated into the said equipment or affixed to the said equipment, as provided in the Uniform Commercial Code, and that said monies will be credited to the amounts due and owing by Defendants to Plaintiff to the extent provided by the Uniform Commercial Code;

g. That if Goldcoast Financial, LLC, does execute a bond and security in the amount of $1,260,000.00, then the Replevin Equipment shall be returned to Goldcoast Financial, LLC until final order of the Court on the disposition of the Replevin Equipment, and said equipment shall be insured and maintained as provided in the Agreement;

h. That the Order for Replevin make clear that it concerns repossession of the Remaining Equipment only and does not address the monies due and owing to Plaintiff; and

i. For such other and further relief as this Court deems just.

Respectfully Submitted,

EQUIFY FINANCIAL, LLC

By: /s/ Kenneth D. Peters

Kenneth D. Peters, Esq. (ARDC # 06186034)
Dressler | Peters, LLC
101 W Grand Ave. Ste. 404
Chicago, Illinois 60654
Phone: 312-602-7362
Fax: 312-637-9378
Email: kpeters@dresslerpeters.com